**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 96-4517

DONALD F. JONES, a/k/a J.R.,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarkesburg.
Joseph Robert Goodwin, District Judge.
(CR-95-17)

Submitted: December 31, 1996

Decided: January 21, 1997

Before HAMILTON and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Scott A. Curnutte, Elkins, West Virginia, for Appellant. William D.
Wilmoth, United States Attorney, Thomas O. Mucklow, Assistant
United States Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant Donald F. Jones was involved in a serious car accident in January 1993. Officers detected the odor of alcohol on Jones's breath, and crack cocaine was found at the scene. Jones was arrested and processed on a DUI charge. A test administered approximately one and a half hours after the accident showed Jones with a BAC of .144. Jones claimed that he consumed forty-eight to sixty beers and smoked three-quarters of an ounce of strong marijuana (approximately ten joints) during the course of the day. After the test, Jones was placed in a room for approximately two and a half hours. During this time, he was free to use the restroom and to obtain refreshments, but he was not interrogated. While Jones was in custody, he was advised of his rights and signed a written waiver. Finally, Jones told one of the officers that he wanted to make a statement and confessed that the cocaine belonged to him. Jones was again informed of his rights, waived his rights, and made a taped confession.

Jones was indicted on one count of possessing crack cocaine with intent to distribute in August 1995. Prior to trial, defense counsel filed motions to suppress Jones's confession and to dismiss the indictment due to pre-accusatory delay. Both motions were denied. On appeal, Jones argues that the district court erred by denying his motions to suppress his confession and to dismiss the indictment due to pre-accusatory delay. Jones also contends that the district court abused its discretion by denying his motion to dismiss the indictment, or, alternatively, to exclude evidence based on untimely production of discovery materials. Finding no reversible error, we affirm.

Jones first asserts that his confession was involuntary and should have been suppressed because it was obtained while he was under the influence of drugs and alcohol. This court reviews the district court's ultimate conclusion de novo, but its factual findings are reviewed for clear error. United States v. Han, 74 F.3d 537, 540 (4th Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3807 (U.S. June 3, 1996) (No. 95-8891); United States v. Williams, 10 F.3d 1070, 1077 (4th Cir. 1993), cert. denied, ___ U.S. ___, 63 U.S.L.W. 3292 (U.S. Oct. 11, 1994) (No. 93-9441). We do not review a trier of fact's assessment of credi-

2

bility of witnesses. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).

We find the district court did not err in denying Jones's motion because Jones failed to present any credible evidence of coercive police activity. Colorado v. Connelly, 479 U.S. 157, 167 (1986) ("coercive police activity is a necessary predicate to the finding that a confession is not `voluntary' within the meaning of the Due Process Clause of the Fourteenth Amendment."). Accordingly, we decline to address whether Jones's level of impairment rendered his confession involuntary.

Jones next asserts that he was prejudiced by the delay between the date of the offense (January 1993) and the date of his indictment (August 1995). Jones contends that the memories of the Government's witnesses faded with the passage of time and that these witnesses might have testified that Jones was severely impaired when he made his confession had the delay been shorter and their memories fresher. We find this argument without merit. The district court properly found that Jones failed to meet the threshold requirement of showing actual prejudice from the delay. See United States v. Automated Medical Labs., Inc., 770 F.2d 399, 403-04 (4th Cir. 1985) (to maintain a claim that pre-indictment delay has violated the defendant's due process rights, the defendant must first show that he suffered actual prejudice from the delay; then the defendant must show that the prejudice outweighs the Government's justification for the delay). At most, Jones only offered the highly speculative argument that these witnesses might have testified that he was severely impaired at the time of his confession. As stated above, Jones's level of impairment is only relevant after a showing of coercive police activity, which he failed to make. Since Jones failed to meet the threshold requirement, he suffered no actual prejudice from the delay and we need not balance any prejudice against the Government's reasons for the delay.

Finally, Jones contends that the district court should have dismissed the indictment, or, alternatively, excluded certain evidence because the Government did not timely produce the materials under local rules. Jones complains that the Government did not provide an updated witness list to the defense prior to trial and that the Govern-

3

ment provided a copy of a six-line note from one witness and a two and a half page statement from Jones's co-defendant, who had recently pled guilty, only one day prior to trial.

The district court's decision on how to handle delayed disclosure of discovery materials should be upheld absent a clear abuse of discretion. United States v. Sepulveda, 15 F.3d 1161, 1179 (1st Cir. 1993), cert. denied, ___ U.S. #6D6D 6D#, 62 U.S.L.W. 3842 (U.S. June 20, 1994) (No. 93-8581). Even if we found that the Government's actions rose to the level of prosecutorial misconduct, reversal is not warranted unless the defendant has been prejudiced by the misconduct. United States v. Brockington, 849 F.2d 872, 875 (4th Cir. 1988). Generally, there is no prejudice if the material is made available in time for its effective use at trial. United States v. Smith Grading & Paving, Inc., 760 F.2d 527, 532 (4th Cir.), cert. denied, 474 U.S. 1005 (1985).

We find that the district court did not abuse its discretion in denying Jones's motion. Defense counsel stated that he could effectively review the materials prior to trial the next morning. In addition, Jones fails to show any prejudice from the individual materials. The defense was fully aware of all of the Government's witnesses several months before the trial and had the opportunity to interview and cross-examine them. Moreover, there is nothing in the record suggesting that the Government used the other materials or that Jones was prejudiced by any such use.

We therefore affirm the findings and sentence of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4